UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>C. RODRIGUEZ, et al.,<br><br>　　　　　　Defendants. | 1:20-cv-00763-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS  BE DENIED UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**(ECF No. 2.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.　　BACKGROUND**

　　Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 2, 2020, Plaintiff filed the Complaint commencing this action together with an application to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915(g).  (ECF Nos, 1, 2 .)

**II.　　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

　　28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,[1] "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was

---

[1] Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo." Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. The Court takes judicial notice of the following four cases:

(1) Cruz v. Munoz, No. 1:14-cv-01215-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 17, 2016);

(2) Cruz v. Munoz, No. 1:14-cv-00976-DLB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 11, 2016);

(3) Cruz v. Ruiz, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016); and

(4) Trujillo v. Sherman, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir.

1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has carefully reviewed Plaintiff's Complaint and finds it does not contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." <u>Cervantes</u>, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Plaintiff alleges in the Complaint that on or about June 10, 2019, when he was confined at North Kern State Prison in Delano, California, Plaintiff submitted a complaint to the Office of Internal Affairs (OIA) in Bakersfield, California, about Officer L. Gonzalez for falsely accusing Plaintiff of performing a sexual act in front of her. Plaintiff alleges that Officer Gonzalez's false rumors and lies were to provoke and incite violence against Plaintiff because she does not like him. On June 17, 2019, the investigation unit of the OIA returned the complaint to NKSP to have it processed as a Staff Complaint.

On June 17, 2019, Plaintiff sent a complaint to the OIA in Sacramento, California, regarding verbal threats of physical injury to Plaintiff by Officer J. Ramirez.

Officer Gonzalez was notified about Plaintiff's complaint and she informed other Defendants. From June 17, 2019 until June 27, 2019, all of these Defendants made verbal threats to Plaintiff, wanting Plaintiff to f*** up and stabb off [*sic*] Facility B. Yard. These threats took place every day during recreation yard because Plaintiff had reported against Officers Gonzalez and Ramirez.

On June 27, 2019, Plaintiff was attacked at about 9:10am. Plaintiff was hit from behind and knocked to the floor, and the attackers continued to punch and kick him in the face and body. This happened because of the Defendants' orders, wishes, and demands. Plaintiff suffered swelling, bruising, and redness to his left ear, with redness, swelling and bruising to the top left shoulder area.

Plaintiff was rehoused to Building 4 where Defendants there told him that if he continued to write up their fellow coworkers that they were gonna get me f*** up, stabb, and off the yard the way they did on June 27, 2019. Plaintiff alleges that all of the Defendants conspired in the

June 27, 2019 assault. Defendants in Building 4 started harassing Plaintiff with verbal threats of an assault to try and scare him away from pursuing his lawsuit. The threats of physical injury continued until October 15, 2019, when Plaintiff was transferred back to Pelican Bay State Prison after his out-to-court proceedings were finished. Plaintiff fears that he will continue to face more of the same abuse for exercising his rights.

Plaintiff alleges that he was under "imminent danger of serious physical injury" at the time of filing the complaint because Defendants used anonymous resources to do their "dirty work," and by intentionally setting up Plaintiff to be attacked with promises of rewards to whoever got the assault done on their verbal orders. (Compl. at 8:1-6.)

These allegations fail to plausibly meet § 1915(g)'s exception for imminent danger. See Cervantes, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury at the time he filed his Complaint on June 2, 2020 . Plaintiff's assertions that he was injured by other inmates on June 27, 2019 at North Kern State Prison are insufficient, without more, to show an ongoing pattern of behavior by other inmates or by any of the named Defendants that placed Plaintiff in imminent danger of serious physical injury. Plaintiff's contention that he was afraid that the past assault could happen again, without more, does not show imminent danger under § 1915(g). Accordingly, Plaintiff's broad allegations of danger are insufficient to survive the dismissal of this action.

Therefore, the court finds that Plaintiff may not proceed *in forma pauperis* with this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's application to proceed *in forma pauperis* should be denied and Plaintiff should be required to pay the $400.00 filing fee in full before proceeding with this case.

///

///

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, filed on June 2, 2020, be DENIED under 28 U.S.C. § 1915(g);
2. Plaintiff be REQUIRED to submit the $400.00 filing fee for this case in full within thirty days from the date of service of this order; and
3. This case be REFERRED back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 4, 2020**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE