UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>C. RODRIGUEZ, *et al.*,<br><br>Defendants. | No. 1:20-cv-00763-DAD-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING CASE FOR FAILURE TO PAY FILING FEE<br><br>(Doc. No. 8) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 7, 2020, the court adopted in full the June 4, 2020 findings and recommendations issued by the assigned magistrate judge. (Doc. Nos. 4, 6.) In that order adopting the findings and recommendations, the court denied plaintiff's motion to proceed *in forma pauperis* and ordered him to pay the $400.00 filing fee in full within thirty (30) days or face dismissal of this case. (Doc. No. 6.)

Instead, plaintiff moved for reconsideration of the court's order under Federal Rule of Civil Procedure 60(b) on July 15, 2020. (Doc. No. 8.) Rule 60(b) governs the reconsideration of final orders of the district court and permits a district court to relieve a party from a final order or

1

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources"). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

In his motion for reconsideration, plaintiff argues that (1) the assigned magistrate judge lacked jurisdiction to deny plaintiff's motion to proceed *in forma pauperis* because the parties did not consent to magistrate judge jurisdiction and (2) the court erred in finding that he did not

/////

qualify for the imminent danger exception under § 1915(g).[1]  (*See* Doc. No. 8.)

Neither argument advanced by plaintiff in his motion for reconsideration is availing. First, the magistrate judge issued findings and recommendations pursuant to his authority under 28 U.S.C. § 636(b)(1) and Local Rule 304.  (Doc. No. 4.)  In those findings and recommendations, the magistrate judge *recommended* that plaintiff's motion to proceed *in forma pauperis* be denied.  (*Id.*)  The *undersigned* then duly reviewed those findings and recommendations and adopted them, denying plaintiff's motion to proceed *in forma pauperis*. (Doc. No. 6.)  Consent to magistrate judge jurisdiction is only required when the parties desire the magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).

Second, § 1915(g) requires that the plaintiff make "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' *at the time of filing*." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis added).  Plaintiff fails to address the court's previous finding that he did not meet that requirement because he filed this action on June 2, 2020, nearly a year after the physical abuse alleged by plaintiff had taken place.  (Doc. No. 6 at 2.)  This yearlong delay "belies his assertions that he faced imminent danger of serious physical injury at the time he filed the complaint." (*Id.*)  *See Andrews*, 493 F.3d at 1055.  And as the court noted before, "plaintiff's contemporaneous allegations of misconduct from May 2020 consist only of alleged unspecified verbal threats of physical injury and a claim that prison officials had not (yet) respond to an inmate grievance that plaintiff asserts he filed on May 22, 2020." (Doc. No. 6 at 2.)  Accordingly, plaintiff has failed to present any basis for the court to grant reconsideration of its order denying plaintiff's motion to proceed *in forma pauperis*.

Moreover, more than thirty (30) days have now passed since this court's July 7, 2020 order requiring plaintiff to pay the required filing fee in full, and plaintiff still has not paid the filing fee.

/////

---

[1] Plaintiff also raises arguments about administrative exhaustion and the statute of limitations, neither of which are applicable here.  (*See* Doc. No. 8.)

Accordingly:

1. Plaintiff's motion for reconsideration (Doc. No. 8) is denied;
2. This action is dismissed without prejudice due to plaintiff's failure to comply with a court order, his failure to prosecute this action, and his failure to pay the required filing fee; and
3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **August 11, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE