UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>G. RODRIGUEZ, et al.,<br><br>Defendants. | No. 1:20-cv-00763-DAD-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 17) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 7, 2020, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 4), denied plaintiff's motions to proceed *in forma pauperis*, and directed plaintiff to pay the required filing fee in order to proceed with this action. (Doc. No. 6.) Instead of paying the required filing fee, plaintiff filed a motion for reconsideration of the court's order denying his motions to proceed *in forma pauperis* and directing him to pay the required filing fee. (Doc. No. 8.) On August 11, 2020, the court denied plaintiff's motion for reconsideration and dismissed this action without prejudice due to plaintiff's failure to comply with a court order, failure to prosecute, and failure to pay the required filing fee. (Doc. No. 10.) Judgement was entered on August 11, 2020. (Doc. No. 11.)

1

1  On August 21, 2020, plaintiff appealed the court's order dismissing this action to the
2  Ninth Circuit Court of Appeals.  (Doc. No. 13.)
3  On December 15, 2020, plaintiff filed a motion for reconsideration of the court's order
4  (Doc. No. 10) dismissing this action without prejudice due to his failure to obey a court order,
5  failure to prosecute, and failure to pay the filing fee as required.  (Doc. No. 17.)
6  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
7  district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment
8  on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
9  evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
10 been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
11 Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any
12 event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*
13 Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the
14 interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of*
15 *Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531
16 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking
17 reconsideration under Rule 60, the moving party "must demonstrate both injury and
18 circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and
19 citation omitted).
20 "A motion for reconsideration should not be granted, absent highly unusual
21 circumstances, unless the district court is presented with newly discovered evidence, committed
22 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
23 raise arguments or present evidence for the first time when they could reasonably have been
24 raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
25 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in
26 original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or
27 different facts or circumstances are claimed to exist which did not exist or were not shown"
28 previously, "what other grounds exist for the motion," and "why the facts or circumstances were

not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order dismissing this action due to plaintiff's failure to obey a court order, failure to prosecute, and failure to pay the filing fee as required. Instead, plaintiff merely states that he seeks reconsideration because he had not consented to magistrate judge jurisdiction, and therefore the assigned magistrate judge lacked jurisdiction to screen and dismiss his complaint. (Doc. No. 17.) Plaintiff is mistaken, however, because the magistrate judge did not dismiss this case but rather merely issued findings and recommendations recommending dismissal of this action, which the undersigned then adopted.

Plaintiff simply has provided no basis under Rule 60(b) to support reconsideration of the court's order dismissing his action without prejudice.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 17) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:   **December 21, 2020**                                    /s/ Dale A. Drozd
                                                                  UNITED STATES DISTRICT JUDGE